**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| Michael Barnes,<br><br>        Plaintiff(s),<br><br>-v.-<br><br>Collins Asset Group, LLC,<br>O&L Law Group, P.L.,<br><br>        Defendant(s). | Case No.: 2:22-cv-377<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Michael Barnes ("Plaintiff") brings this Complaint by and through his attorneys, against the Defendants Collins Asset Group, LLC ("Collins") and O&L Law Group, P.L. ("O&L") (collectively, "Defendants"), based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this action under Section 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Florida, County of Charlotte.

8. Defendant Collins is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for process service c/o URS Agents, LLC, 3458 Lakeshore Drive, Tallahassee, Florida 32312.

9. Upon information and belief, Defendant Collins is a company that uses the mail, telephone and internet, and regularly engages in business the principal purpose of which is to collect debts.

10. Defendant O&L is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a principal office address located at 110 West Columbus Drive, Tampa, Florida 33602.

11. Upon information and belief, Defendant O&L is a company that uses the mail, telephone and internet, and regularly engages in business the principal purpose of which is to collect debts, and regularly collects debts owed to others.

## FACTUAL ALLEGATIONS

12. Plaintiff repeats the allegations in paragraphs 1-11 above as if set forth here.

13. Some time prior to October 16, 2020, Plaintiff allegedly incurred one or more obligations to non-parties LendingPoint, LLC assignee of FinWise Bank (collectively "Non-Parties").

14. The obligation arose out of transactions incurred primarily for personal, family, or household purposes.

15. The Non-Parties' alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

16. Sometime after October 16, 2020, as is Collins' regular and principal purpose of business, Collins purchased the defaulted debt for the purpose of debt collection and attempted same.

17. Collins is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

18. Thereafter, upon information and belief, Collins contracted with O&L to collect the alleged debt.

19. O&L is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

20. Defendants' principal business purpose is to collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes using the United States Postal Services, telephone and internet.

### *Violation I – Failure to Issue G Notices*

21. Some time prior to June 15, 2022, Plaintiff discovered the Defendant Collins debt collection being reported on his credit report.

22. However, Defendants never issued any collection letters to the Plaintiff.

23. Specifically, Plaintiff never received any collection letter from either Collins or O&L, so the Plaintiff was shocked concerning the collection and did not recognize the debt or the parties in interest.

24. Moreover, Plaintiff never received a "G Notice" within a collection letter from either of the Defendants pursuant to 15 U.S.C. § 1692g(a).

25. Thus, Plaintiff was not provided with the debt information that he is entitled to and was not advised concerning his debt dispute rights.

26. Accordingly, Defendants continued collection of the debt is not only premature on account of the Plaintiff's inability to dispute the debt, and thereby cease collection activity, it is fraudulent on its face.

27. The lack of clarity concerning a debt collection reported on his credit report that he was unaware of caused the Plaintiff emotional distress, including suffering from fear, anxiety and stress.

28. Plaintiff was upset and wondered how he was expected to pay a debt when he has not received a collection letter.

29. Plaintiff was confused and wondered how the debt collection information could be furnished by the Defendants to the credit bureaus when he has not received a collection letter.

30. Because of the lack of information received from the Defendants, the lack of any collection letters having been issued, and the Plaintiff's inability to identify the debt or the alleged parties in interest, Plaintiff suspects the debt collection to be fraudulent or suspect, in whole or in part.

31. Accordingly, Plaintiff disputes the debt and investigation ensued.

<u>Violation II – June 15-16, 2022 Collection Calls</u>

32. On or about June 15, 2022, Plaintiff called Collins to inquire concerning the debt collection that appeared on the Plaintiff's credit report (the "Collins Call").

33. The Collins Call commenced with a disclosure that the communication was with a debt collector and was an attempt to collect a debt.

34. During the Collins Call, Plaintiff requested very basic information concerning the alleged debt, including the balance owed, but was refused the information.

35. Accordingly, during the Collins Call, Plaintiff asked whether a collection letter was ever issued and was told that a collection letter was already mailed on May 11, 2021 ("Collins Letter").

36. Plaintiff proceeded to advise that the Collins Letter was never delivered/received, requested a duplicate copy and inquired concerning what mailing address was used, but all requests were refused in favor of referring the Plaintiff to O&L for the information and documentation.

37. Thereafter, on or about June 16, 2022, Plaintiff called O&L to inquire concerning the debt collection as instructed by Collins (the "O&L Call").

38. The O&L Call commenced with a disclosure that the communication was with a debt collector and was an attempt to collect a debt.

39. Plaintiff went on to request a copy of the Collins Letter, but O&L refused and advised that its own collection letter was mailed on February 2, 2022 (the "O&L Letter").

40. Plaintiff proceeded to advise that the O&L Letter was never delivered/received, requested a duplicate copy, but all requests were refused.

41. When the Plaintiff asked if the O&L Letter was sent by registered mail, the Plaintiff was advised that it was sent by regular mail through the post office.

42. When the Plaintiff requested to speak with a supervisor at approximately 4:13pm ET, he was told that the supervisor left for the day and that no direct business contact information for the supervisor would be provided.

43. Plaintiff asked how he can pay a debt when a collection letter was never delivered/received and was told that a court summons was issued recently to collect upon the debt.

44. Defendants suggested during both collection calls that, presumably, collection letters containing notices of debt "G Notices" compliant with 15 U.S.C. § 1692g(a) were mailed to the Plaintiff.

45. However, Plaintiff advised that the no collection letters from the Defendants were delivered/received.

46. Further, both Defendants refused the Plaintiff's requests for duplicate copies of their respective collection letters.

47. Thus, Plaintiff never received his G Notice, was uninformed concerning what information he was entitled to and unaware of his dispute rights or even the very basic debt information.

48. Neither Defendant cared about the lack of the G Notices, nor did they provide the reasonable accommodation of a duplicate letter or a reasonable alternative solution.

49. Thus, the Defendants continued collection of the debt is not only premature on account of the Plaintiff's inability to dispute the debt, and thereby cease collection activity, it is fraudulent on its face.

50. These collection calls are nonsensical.

51. These collection calls are contradictory.

52. If the Plaintiff never received the Defendants' collection letters, why are they not willing to provide a duplicate?

53. If Collins referred the Plaintiff to O&L for information and documentation, why is O&L refusing to provide anything?

54. If O&L caused a court summons to be issued recently, why is it unwilling to provide basic information and documentation to the Plaintiff, the alleged consumer from which they seek to collect?

55. Because of the conflicting information, or lack thereof, concerning any collection letters having been issued and the Defendants' refusal to provide duplicates, Plaintiff suspects the debt collection to be fraudulent or suspect, in whole or in part.

56. The lack of G Notices, and the refusal to provide basic information over the phone, leaves open the possibility that any combination of the debt amount, the owner of the debt, the default date and more could be fraudulent or incorrect.

57. Because of the lack of any information foreclosing this possibility, Plaintiff does not know who to pay concerning the debt or whether the balance is justifiable.

58. Plaintiff has therefore been misled as to whether paying the debt will close the account, or whether the true debt owner will reappear and demand payment, so that paying more than one party would be required to close the account to the financial detriment of the Plaintiff.

59. Or that if he paid any amount, he would be waiving and/or restarting the statute of limitations to the financial detriment of the Plaintiff.

60. Defendants are required to advise the Plaintiff who owns the debt, how much is owed, and an explanation of its character and legal status, that will impact the enforceability of same.

61. The Defendants affirmatively refused to communicate with the Plaintiff in any meaningful way other than to advise that a court summons was recently issued, which could incentivize the Plaintiff to pay the debt, or not pay the debt, at a time when, if appropriately advised, he would do the opposite.

62. The information within a compliant G Notice is a quintessential example of an ambiguity that could cause a consumer to pay as a means of avoiding legal action, or refrain from paying as a means of taking advantage of an unenforceable debt.

63. The collection calls were therefore false, deceptive, misleading, and unfair.

64. Plaintiff is unable to evaluate who is the true owner with the legal right to enforce the debt.

65. Plaintiff is therefore unable to evaluate who and/or how to pay, is being misled as to whether payment will avoid or allow legal action, and cannot properly address the debt.

66. Plaintiff is therefore unable to make payment on the debt.

67. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

68. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that he did indeed owe an enforceable debt to the Defendants.

69. Defendants' conduct prevented the Plaintiff from acting in the way he would have otherwise acted had the Defendants' collection calls not been improper.

70. Plaintiff was unable to properly address the debt as it would be foolhardy for the Plaintiff to pay some or all of this debt when the collection calls did not make sense.

71. Defendants' actions caused the Plaintiff to suspect there was fraud involved with this collection.

72. Because of the Defendants' improper acts, and in reliance on same, Plaintiff expended time and money in determining the proper course of action.

73. He spent this trying to determine who the owner of the debt is in reality.

74. He spent this trying to determine whether the debt is legally enforceable.

75. He spent this trying to determine which information is correct between the conflicting collection calls.

76. He spent this trying to figure out if the collection is in fact just a scam or whether it is based on a real enforceable debt.

77. He spent this trying to mitigate harm in the form of a pending legal action against him.

78. He spent this trying to mitigate harm in the form of dominion and control over his funds (example, garnishment following judgment) to the financial detriment of the Plaintiff.

79. He spent this trying to mitigate the harm of the Defendants' negative credit information furnishment, and ultimate dissemination to third parties, to the financial detriment of the Plaintiff.

80. He spent this trying to mitigate the harm caused by the Defendants' publication/dissemination, despite the enforceability issues, by way of court filing in the public domain.

81. Additionally, Defendants' actions caused the Plaintiff's emotional suffering to manifest itself physically in the form of lost sleep and increased heartrate.

82. Plaintiff disputes the enforceability of this alleged debt and the Defendants' ability to enforce same.

83. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

84. The harms caused by the Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

85. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

86. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

87. Plaintiff is entitled to receive proper notice of the amount, character and legal status of the debt, as required by the FDCPA.

88. Defendants failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

89. These violations by the Defendants were knowing, willful, negligent and/or intentional, and the Defendants did not maintain procedures reasonably adopted to avoid any such violations.

90. Defendants' collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

91. Defendants' deceptive, misleading and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' collection efforts because the Plaintiff could not adequately respond to the Defendants.

92. Defendants' actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendants' debt collection.

93. As described above, Plaintiff was misled to his detriment by the statements and omissions during the collection calls, and relied on the contents of the collection calls to his detriment.

94. As described above, Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

95. As a result of the Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692d *et seq.*

96. Plaintiff repeats the allegations in paragraphs 1-95 above as if set forth here.

97. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692d.

98. Pursuant to 15 U.S.C. § 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

99. Defendants violated said section as described above by, despite ongoing collection activity, failing to issue any collection letter and/or a G Notice to the Plaintiff.

100. Defendants violated said section as described above by, despite ongoing collection activity and the Plaintiff's request for same, refusing to reproduce duplicate copies of their collection letters following the claim by the Plaintiff that same were not delivered/received.

101. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692d, et seq. of the FDCPA and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

102. Plaintiff repeats the allegations in paragraphs 1-95 above as if set forth here.

103. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

104. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

105. Defendants violated said section as described above by making false, deceptive, and misleading representations and falsely representing/omitting the character and legal status of the alleged debt, in violation of §§ 1692e, 1692e (2)(A) and 1692e (10).

106. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692e, et seq. of the FDCPA and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

107. Plaintiff repeats the allegations in paragraphs 1-95 above as if set forth here.

108. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

109. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

110. Defendants violated said section as described above by, despite ongoing collection activity, failing to issue any collection letter and/or a G Notice to the Plaintiff.

111. Defendants violated said section as described above by, despite ongoing collection activity and the Plaintiff's request for same, refusing to reproduce duplicate copies of their collection letters following the claim by the Plaintiff that same were not delivered/received.

112. By reason thereof, Defendants are liable to the Plaintiff for judgment that Defendants' conduct violated Section 1692f, et *seq*. of the FDCPA and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT IV
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

113. Plaintiff repeats the allegations in paragraphs 1-95 above as if set forth here.

114. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

115. Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
> 2. The name of the creditor to whom the debt is owed;
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

      portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

116. Defendants violated this section by failing to issue the G Notice.

117. Defendants in turn continued to collect the debt from the Plaintiff without providing proper validation.

118. Defendants also violated said section as described above by, despite ongoing collection activity and the Plaintiff's request for same, refusing to reproduce duplicate copies of their collection letters following the claim by the Plaintiff that same were not delivered/received.

119. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692g et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

120.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Barnes demands judgment from the Defendants as follows:

a)    Awarding the Plaintiff statutory damages;

b)    Awarding the Plaintiff actual damages;

c)    Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

d)    Awarding pre-judgment interest and post-judgment interest; and

e)    Awarding the Plaintiff such other and further relief as this Court may deem just and proper.

Dated: June 20, 2022                                                          Respectfully submitted,

**ZEIG LAW FIRM, LLC**
*/s/ Justin Zeig*
Justin Zeig, Esq.
3475 Sheridan Street, Ste 310
Hollywood, FL 33021
Phone: (754) 217-3084
Fax: (954) 272-7807
Justin@zeiglawfirm.com
*Attorney for Plaintiff*